Manuel Colón Luna, demandante y apelado, *v.* Miguel Batis Olivera y su esposa Ana María Rodríguez Ramos, demandados y apelantes.

No. 3609.—*Visto:* Junio 11, 1925.   *Resuelto:* Julio 31, 1925.

Vendedor y Comprador—Interpretación y Efecto del Contrato—Venta por Precio Alzado—Obligación del Vendedor.—Vendida una finca por precio alzado, y consignándose en el contrato la cabida y linderos de la misma, el vendedor viene obligado a dar al comprador todo lo que se comprende dentro de las colindancias de dicha finca.

Sentencia de *R. Díaz Cintrón,* J. (Ponce), declarando con lugar demanda de reivindicación, con costas. *Confirmada.*

*Francisco Parra Capó,* abogado de los apelantes; *López de Tord & Zayas Pizarro,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Miguel Batis Olivera tramitó un expediente de dominio que fué inscrito en el registro de una finca de 75 cuerdas de terreno que dijo haber comprado en dos porciones, una de 50 cuerdas a Manuel Ferrando y otra de 25 a Sandalio Rivera. Vendió esa finca a Manuel Colón Luna por precio de $3,750 diciéndose en la escritura que tenía 75 cuerdas, ad-

quiridas en la forma dicha y describiéndola por sus colindancias. Al tomar posesión el comprador Colón resultó que la finca que se le entregaba sólo tenía 65 cuerdas y que un pedazo que al oeste de ella había hasta la colindancia del título que no entregó el vendedor completaba las 75 cuerdas de la finca por lo que presentó demanda contra su vendedor en reclamación de las diez cuerdas no entregadas y habiendo recaído sentencia condenatoria el demandado interpuso esta apelación en la que alega como motivo de su recurso que la corte inferior cometió error al dar una interpretación absoluta al artículo 1374 del Código Civil y al no considerar la preponderancia de la evidencia a favor del demandado.

Dispone el artículo 1374 del Código Civil lo siguiente:

"Artículo 1374.—En la venta de un inmueble, hecha por precio alzado y no a razón de un tanto por unidad de medida o número, no tendrá lugar el aumento o disminución del mismo, aunque resulte mayor o menor cabida o número de los expresados en el contrato.

"Esto mismo tendrá lugar cuando sean dos o más fincas las vendidas por un solo precio; pero si además de expresarse los linderos, indispensables en toda enajenación de inmuebles, se designaren en el contrato su cabida o número, el vendedor estará obligado a entregar todo lo que se comprenda dentro de los mismos linderos, aun cuando exceda de la cabida o número expresados en el contrato; y si no pudiere, sufrirá una disminución en el precio proporcional a lo que falte de cabida o número, a no ser que el contrato quede anulado por no conformarse el comprador con que se deje de entregar lo que se estipuló."

De acuerdo con ese precepto legal, habiéndose vendido la finca por un precio alzado y no a razón de un tanto por unidad de medida o número, habiéndose consignado en el contrato que la finca tiene 75 cuerdas y habiéndose hecho constar sus colindancias, el demandado está obligado a dar al demandante todo lo que se comprende dentro de sus linderos y por consiguiente debe entregar las diez cuerdas que está poseyendo y que se le reclaman porque están comprendidas dentro de los linderos de la finca que vendió al demandante,

las que completan las 75 del título que otorgó a su comprador.

Para que no sea aplicado ese precepto legal alega el demandado apelante que si bien la finca tuvo hace unos treinta años 75 cuerdas cuando era de Paula Colón, ésta vendió a otra persona diez cuerdas y el resto llegó a manos de Sandalio Rivera con la misma cabida de 75 cuerdas y con la descripción que antes tenía, y que en 1914 compró 25 cuerdas a Sandalio Rivera, quien el mismo año vendió 50 a Manuel Ferrando a quien las compró el demandado y que como la finca no fué medida fué tramitado el expediente de dominio por esas dos adquisiciones con la descripción antigua de las 75 cuerdas habiendo comprado después pero antes de vender al demandante las diez cuerdas que se le reclaman, y que según la escritura él solo vendió al demandante lo que compró a Ferrando y a Rivera que aun cuando aparecen ser las 75 cuerdas no lo son y que el comprador sabía que las diez cuerdas que compró después no eran parte de la venta, hecho negado por el comprador.

En vista de la sentencia entendemos que la corte decidió el conflicto de la evidencia en el último extremo citado en favor del demandante, justificadamente porque según en la escritura se hizo constar que el vendedor se reservaba ciertas cosas debió decirse que las diez cuerdas comprendidas dentro de las colindancias de la finca no formaban parte de ella.

Hemos examinado la evidencia y llegamos a la conclusión de que su preponderancia está a favor del demandante pues según las colindancias de la finca vendida las diez cuerdas reclamadas están dentro de ellas y porque para que no estuviesen comprendidas dentro de ellas la venta hecha al apelante debió colindar con el vendedor y no con las personas que el título dice. Si es cierto que lo comprado por el demandado a Ferrando y Rivera como 75 cuerdas sólo tenía 65 cuerdas porque antes habían sido segregadas diez cuerdas, las consecuencias de ese error no puede sufrirlas el de-

mandante, a quien el demandado le vendió 75 dentro de ciertas colindancias por un precio alzado.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Wolf no intervino en la vista de este caso.